UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 07-00022 |
| Ernest & Beverly Ojeda, | ) | Hon. John H. Squires |
| | ) | Hearing Date: July 31, 2008 |
| Debtors. | ) | Time: 9:30 a.m. |

### Order Authorizing Trustee to Employ Special Counsel and Pay Retainer

THIS CAUSE COMING ON TO BE HEARD upon the Trustee's Motion to employ Matthew J. Piers as special counsel on behalf of this Estate and the Affidavit of Matthew J. Piers in support thereof, and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED** that:

1.   Joseph A. Baldi, as trustee of the estate of Ernest & Beverly Ojeda, Debtors, is authorized to employ Matthew J. Piers and the firm of Hughes Socol Piers Resnick & Dym Ltd. as his special counsel in this case, on the terms and conditions set forth in the application, with compensation to be paid in such amounts as may be allowed by this Court upon proper application therefore;

2.   Trustee is authorized to pay a retainer to Matthew J. Piers in the amount of $10,000.00 to be applied pursuant to further application and order of this Court.

Dated: July 31, 2008

ENTER:

/s/ John H. Squires

The Honorable John H. Squires
United States Bankruptcy Judge

Joseph A. Baldi  (ID No. 00100145)
Elizabeth C. Berg (ID No. 6200886)
19 S. LaSalle St. Suite 1500
Chicago, Illinois  60603
(312) 726-8150

Exhibit A

FROM : ODEJOY,LLC                PHONE NO. : 3124671806              Jan. 23 2006 11:10AM P1

# HUGHES SOCOL PIERS RESNICK & DYM LTD.

Robert R. Anderson III · Terence J. Moran · Natalie A. Bauriston · Gary N. Chodorow
José J. Behar · Patrick M. O'Brien · Juliet Berger-White · Susan Dawn
Mark S. Dym · Donald G. Peterson · Mark A. Cisek · Joseph A. Moore
John K. Hughes* · Matthew J. Piers · Cara A. Hendrickson · Ronald Panter
Bernice Jacobs · Kalman D. Resnick · Cathy Higgins-Mora · of counsel
Richard P. Johnson** · Mary M. Rowland · Allison G. Margolies
Joshua Karsh · Dana Kaner Socol · Peter C. McLeod
Peter M. Katsaros · J. Eric VanderArend · Alex Montgomery
Barry Locke · Mark B. Weiner · Fazila Vaid       *also admitted in Wisconsin
Kimberley Marsh                                  **also admitted in Indiana

ATTORNEYS AT LAW

### CONFIDENTIAL ATTORNEY CLIENT COMMUNICATION

January 9, 2006

**VIA OVERNIGHT DELIVERY**
Ernest Ojeda
1435 West Flournoy
Chicago, IL 60611

Re: Legal representation of Statutory Applicants in claims to recover Emerald Casino Investment losses

Dear Mr. Ojeda:

As we discussed at the conference/teleconference at the offices of Neal & Leroy last Friday, my law firm and I have been asked by several of the Statutory Minority and Women Applicants for ownership shares in Emerald Casino, Inc. ("Emerald") to represent them in legal proceedings against Emerald principals and others affiliated with Emerald to recover investment losses caused by the revocation of the Illinois River boat Gaming License formerly held by Emerald.

Although no legal proceeding, including this one, is of certain outcome, we believe that there are meritorious and viable claims, including those that we discussed at the meeting, which are well worth pursuing. The decision whether to proceed is one that each of you, individually, must make. Given the magnitude of the losses, the documented misconduct of Emerald principals and others, and the strength of the potential legal claims, it is our recommendation to file legal proceedings. Further, given the passage of time since the Illinois Gaming Board first voted to deny Emerald's request to relocate to Rosemont, which occurred on January 30, 2001, we believe that it is prudent to initiate legal proceedings as soon as possible. It is our intention to file suit before the end of this month on behalf of those Statutory Applicants who opt to pursue their claims. While we believe that the applicable statutes of limitations (the time limits for filing various legal claims) likely provide for a greater period of time in which to file suit, the law as applied to the pertinent facts is less than certain, and it is unwise to risk an adverse ruling which would potentially prevent your claims from proceeding.

Our firm is willing to provide legal representation to you and the other Statutory Applicants on the following terms. We will be paid at our standard hourly rates for work performed through the time of a court determination on any motions to dismiss. Thereafter, with regard to any claims which prevail against such motions, we will provide representation on the basis of a contingent fee of one-third of any recovery. In addition, the clients will be responsible to pay for the customary costs of litigation.

Three First National Plaza • 70 West Madison Street, Suite 4000 • Chicago, Illinois 60602-4205 • Telephone 312-580-0100 • Facsimile 312-580-1994


EXHIBIT B

**HUGHES SOCOL PIERS
RESNICK & DYM LTD.**

Mr. Ernest Ojeda
January 9, 2006
Page 2


Each represented Statutory Applicant will be responsible to pay that portion of the fees and costs incurred which corresponds to their respective share of the damages claimed. Financial responsibility will thus be divided pro rata, not equally or per capita. We believe that it is more equitable to divide the expense of litigation in relation to each client's stake in the outcome. We cannot make a final determination of what each client's individual share will be until we receive authorizations for representation from those who wish to proceed. However, most of the Statutory Applicants have indicated that they are going to authorize our representation in this matter, and obviously, the more who decide to do so, the less the financial burden on each of you. As we discussed at our conference, we will be seeking to recover not only the principal amount of each investment, but also interest incurred as well as, in the event of a recovery under RICO (the Racketeer Influenced and Corrupt Organizations Act), twice again the losses incurred (so-called "trebled damages") and attorneys' fees. However, we believe that the simplest and fairest basis for determination of sharing the expense is the relative amounts of the principal investments of those who opt to be represented.

In order to effectively represent the group of Statutory Applicants, it will be essential to have a committee of client representatives with whom we can consult on an ongoing basis. We will, of course, seek to keep all of our clients informed as to the progress of the litigation, but in order to make both routine and timely decisions as well as to have effective communication with all of the represented Statutory Applicants, a smaller group of representatives will be needed. During our work with Neal & Leroy over the past three months, we have reported to and received direction from a committee comprised of Al Johnson, Connie Payton, Althea Knowles, Ron Blackstone and Gerard Shannon (on behalf of his mother, Kathryn Shannon). We propose to continue to work with this group so that we can quickly and efficiently prepare and file the lawsuit. Shortly after filing, we propose to have another conference with all of the represented Statutory Applicants, and any interest in altering the composition of the committee could be addressed at that time.

In order for us to move expeditiously, it will be necessary for each Statutory Applicant who decides to retain us to have a brief individual interview with our legal staff as soon as possible. This is necessary in order to determine whether there are any conflicts of interest (highly unlikely under these circumstances) as well as to assist us in the preparation of allegations in the lawsuit. We have also been contacted by some of the so-called General Applicants (persons who invested in Emerald, other than the minority and women Applicants) who also wish us to represent them. No offer has been made with regard to representing any clients in this matter other than the group of Statutory Applicants who have been represented to date by our firm along with Neal & Leroy, as well as to Chaz Ebert, one of the other Statutory Applicants, who was previously independently represented. Ms. Ebert was out of the country and unable to participate in last Friday's conference, but I have met with and spoken to her previously, and she has recently spoken to Al Johnson, and we anticipate that

FROM : ODEJOY,LLC                    PHONE NO. : 3124671806                 Jan. 23 2006 11:13AM P2

## HUGHES SOCOL PIERS
## RESNICK & DYM LTD.

Mr. Ernest Ojeda
January 9, 2006
Page 3

she will be retaining our firm. No decision will be made with regard to representation of additional clients until we have had an opportunity to interview them and determine whether or not their interests are aligned with those of the Statutory Applicants, and that there are no potential conflicts of interest. Any additional clients would have to agree to the same terms of retention as we have offered to the Statutory Applicants, thus lowering each individual's expense of litigation.

At least two other attorneys in my firm will be substantially involved in this litigation from the outset. You have already met one of them, Ms. Cara Hendrickson, at our conference last week. Ms. Hendrickson is a 2001 *cum laude* graduate of Harvard Law School, and a former law clerk to Judge Ann Williams of the United States Court of Appeals for the 7th Circuit. In addition, we will be working closely with my partner, Joshua Karsh. Mr. Karsh is 1989 graduate of the University of Chicago Law School, and a former law clerk to Judge Hubert Will of the United States District Court for the Northern District of Illinois. Mr. Karsh has more than fifteen years of experience in class action and other complex, federal and state court litigation.

Finally, as was discussed at our conference, our firm is owed to date for services rendered and costs expended on behalf of the Statutory Applicants who we have represented along with Neal & Leroy the amount of $57,832.59. This represents the $34,513.60 bill which Langdon referred to during our conference, as well as an additional amount for time spent on this matter since December 1, 2005. A copy of the current bill is enclosed in the delivered copy of this letter for your review. We will also require a $50,000 retainer against which we will apply future billings. We have divided this amount as well among all of the clients that we have been representing as co-counsel with Neal & Leroy, and we will make necessary adjustments in the future if our client group is larger (as is expected) or smaller. In addition to our bill, there has been a $10,000 payment by Al Johnson on behalf of all of you to attorney Tom Moore for prior legal services rendered. At our Friday conference it was agreed that Al should be reimbursed for advancing your pro-rata shares of attorney Moore's bill. Thus the total amount owed at this time (against which Al Johnson will receive a $10,000 credit for his prior payment) is $117,832.59. In accordance with directions from the committee, we are requesting that each Statutory Applicant in this group pay a pro-rata share of the amount due calculated in relation to the respective amounts of the principal investments in Emerald. The total amount invested by the Statutory Applicants in this group was $24,510,000. You invested $750,000. Therefore, please submit payment of 3.06% of the outstanding bills and retainer in the combined amount of $3,605.68, payable to Hughes, Socol, Piers, Resnick & Dym, Ltd.

If you are agreeing to retain our firm to represent you in the litigation described at the conference and above, please - as soon as possible - sign and date the authorization below, and return this letter to me by fax (312.580.1994) and mail.

## HUGHES SOCOL PIERS
## RESNICK & DYM LTD.

Mr. Ernest Ojeda
January 9, 2006
Page 4

If you have any questions, please feel free to contact me. We look forward to representing you and the other Statutory Applicants in this matter.

Sincerely,

Matthew J. Piers

Enclosure

MJP/ro

### Authorization for Representation

I, Ernest Ojeda, hereby retain Matthew J. Piers and the law firm of Hughes, Socol, Piers, Resnick & Dym, Ltd. to represent me in the matter and in accordance with the terms stated above.

Date: January 16, 2006                    Signed:

Ernest Ojeda

cc:   Langdon Neal, Neal & Leroy